LOWE, receiver, *et al. v.* BIVINS.

"An administrator can not sell property held adversely to the estate by a third person; he must first recover possession." Hence, in an action for the recovery of land, where it was necessary for the plaintiff to rely upon a deed to such land made in pursuance of an administrator's sale of the same, and it clearly appeared from the evidence that, at the time of such sale, a considerable portion of the land sued for, and claimed under this deed, was held adversely to the estate of the intestate by a third person, a verdict in favor of the plaintiff for the premises in dispute was contrary to the evidence and to law.

Argued November 5, — Decided November 29, 1900.

Complaint for land. Before Judge Henry. Henry superior court. April term, 1900.

*J. F. Wall* and *T. E. Patterson*, for plaintiffs in error.
*E. W. Hammond* and *Lloyd Cleveland*, contra.

FISH, J. In this case Mrs. Bivins, formerly Mrs. Gwaltney, brought an action against the defendants to recover a certain tract of land. In her abstract of title, and in the evidence which she introduced upon the trial, she relied upon title in Gwaltney, her former husband, a deed from herself, as administratrix upon his estate, to Amis, and a deed from Amis to herself. Upon the trial of the case the jury found a verdict in favor of the plaintiff for the premises in dispute; whereupon the defendants made a motion for a new trial, which was overruled, and they excepted. It clearly appears from the evidence that a portion, if not all, of the premises sued for was not in the possession of Gwaltney at the time of his death, but was then held adversely to him by one Martin, under whom the defendants held, or by the Browns who purchased from him, and that at the time of the administrator's sale, under which the plaintiff claims title, this portion, at least, was not in the possession of the legal representative of his estate, but was still held adversely to such estate. The evidence also shows that this portion of the land sued for was much more valuable than the balance of the same, because of the improvements that were placed thereon by Martin. All this appears, with reasonable certainty, even from the evidence introduced by the plaintiff. It is clear, therefore, that the verdict in her favor for the premises in dispute was not warranted by the evidence. She had no authority, as administratrix, to sell land as the property of the estate of her intestate while it was held adversely to such

estate by a third person. "An administrator can not sell property held adversely to the estate by a third person; he must first recover possession." Civil Code, § 3457; *Weitman* v. *Thiot*, 64 *Ga.* 11; *Hall* v. *Armor*, 68 *Ga.* 449; *Heard* v. *Phillips*, 101 *Ga.* 691. There is nothing in the evidence which separates and distinguishes the portion — if, indeed, such there was — of the land sued for which was in the possession of the administratrix, at the time of the administrator's sale, from the portion which was then under an adverse holding; and even if there were, it is very clear that the plaintiff could not recover the whole of the premises sued for, for no title to the same passed by the administrator's sale. Under the facts disclosed by the evidence, the court erred in not sustaining the motion for a new trial, upon the ground that the verdict was contrary to the evidence and contrary to law.

*Judgment reversed.    All the Justices concurring.*