## GLOVER *v.* NEWSOME.

ATKINSON, J.   1.   Where the only description contained in a deed executed by J. M. Glover, as it appears from the record in this court, was as follows:  "Lot number 3, containing two acres, more or less, bounded as follows:   north by lands of J. M. Glover; east by street running north and south; south by Augusta Southern Railroad Company; west by lands of W. R. Loeb, senior;" and where it did not appear from such deed in what town, county, or State the land was located, or even where the deed was executed or recorded, such deed was subject to objection, when offered in evidence, on the ground that the description was too vague and indefinite to convey any particular tract of land. See, in this connection, *McSwain* v. *Ricketson,* 129 *Ga.* 176, 179 (58 S. E. 655).

(a) Suggestions in the brief of counsel that the description in the deed is not fully set out in the record before this court, and that there were additional descriptive terms which would' meet the objections urged against the deed, can not be considered by this court; but the case must be dealt with as it appears from the record alone.

2. If a deed contains sufficient descriptive terms to authorize its admission in evidence, it is competent by extrinsic evidence to apply such descrip-

tion to its subject-matter. *Singleton* v. *Close,* 130 *Ga.* 716 (61 S. E. 722).

3. Where a parcel of land' conveyed is described as bounded on one side by the lands of a named person other than the grantor, it is competent to show what were 'the lands of such person, for the purpose of applying the description and locating the boundary. While title to real estate can not be proved by a parol statement thereof, the description of this particular boundary will be sufficient, if it be made to appear that the maker of the deed recognized such other person as the owner and as claiming the land, and the boundary line of the adjacent tract is established' by competent extrinsic evidence. *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821).

4. The court having directed a verdict on the basis of the deed referred to in the first headnote above, and parol evidence in connection therewith, which deed should have been rejected, it follows that the direction of the verdict was erroneous.

5. Except as above indicated, there was no error in any of the rulings of the court complained of in the motion for a new trial.

*Judgment reversed. All the Justices concur.*

Submitted January 22,—Decided June 24. 1909.

Complaint. Before Judge Worley. Glascock superior court. June 27, 1908.

*I. S. Peebles Jr.,* for plaintiff.

*J. C. Newsome,* for defendant.