### 4393. POWELL & KENDALL v. LAWSON.

HILL, C. J. A deed headed "Georgia, Brooks county," contained the
following description of the property intended to be conveyed: "All of
the timber upon the following described tract of land, for the purpose
of boxing, working, and otherwise using said timber for turpentine
purposes, to wit: all the turpentine timber on lot No. 225 owned by
me." *Held:* The description of the premises or property intended to be
conveyed is too indefinite and uncertain for identification of the land
on which the timber is; and the deed is, therefore, void for uncertainty
of description. The deed is not recorded, and there is nothing in the
words of description which indicate where the land is located, nor the
amount of land or turpentine timber owned by the vendor on lot No.
225. The description not only fails to identify the property conveyed, but
also fails to furnish means for identifying it by parol evidence, under
the maxim id certum est quod certum reddi potest. *Glover* v. *Newsome*,
132 *Ga.* 797 (65 S. E. 64); *McSwain* v. *Ricketson*, 129 *Ga.* 176 (58 S. E.
655); *Douglass* v. *Bunn*, 110 *Ga.* 159 (35 S. E. 339); *Estes* v. *Winn*, 136
*Ga.* 344 (71 S. E. 470), and cases cited.    *Judgment reversed.*

DECIDED FEBRUARY 18, 1913.

Action for damages; from city court of Moultrie—Judge Mc-
Kenzie. August 17, 1912.

*L. L. Moore, Shipp & Kline,* for plaintiffs in error.
*Bennett & Long, T. H. Parker,* contra.