### GUTHRIE *v.* BULLOCK *et al.,* administrators.

HILL, J. This was a claim filed upon advertisement of an administrators' sale of real estate. The administrators exhibited muniments of title to 100 acres, more or less, in the eastern part of land lot 245 in the 10th district of Berrien county, with certain boundaries. The claimant exhibited muniments of title to 50 acres, more or less, in the northwest corner of the same land lot, with designated boundaries. The eastern call of the claimant's muniments of title was to an agreed line; and the western call of the administrators' muniments of title was to an original and agreed line. The evidence was in dispute as to the location of the eastern boundary of the claimant and the western boundary of the land held under the administrators' title. The evidence of the administrators showed that the eastern portion of the land embraced within the boundaries of the tract offered for sale by them had certain trees growing upon it, which were being operated for turpentine purposes by the claimant at the time the property was advertised for sale. *Held,* that the occupation by the claimant of a portion of the land, evidenced by his working the trees for turpentine, was such adverse possession as to

2

forbid sale by the administrators of that portion of the land, under the statute which declares: "An administrator can not sell property held adversely to the estate by a third person; he must first recover possession." Civil Code (1910), § 4033; *Lowe* v. *Bivins*, 112 *Ga.* 341 (37 S. E. 374); *Downing Lumber Co.* v. *Medlin*, 136 *Ga.* 665, 667 (72 S. E. 22).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
JANUARY 12, 1915.

Claim. Before Judge Thomas. Berrien superior court. November 15, 1913.

*W. R. Smith* and *Lovett & Murray,* for plaintiff in error.
*J. A. Alexander* and *W. D. Buie,* contra.