EDWARDS *et al.*, administrators, *v.* SANDS.

FISH, C. J.  1. An order granted by the ordinary to an administrator to sell land of his intestate's estate is a condition precedent to a valid sale.
2. Such order must specify "therein the land as definitely as possible." Civil Code (1910), § 4026; 18 Cyc. 749.
3. Where, upon the trial of a claim to land advertised for sale by administrators, they introduced in evidence, as their authority to sell, an order granted by the ordinary of Tattnall County, wherein the only description of the land was: "50 acres, more or less, of the lands of the deceased, situate, lying, and being in the 401st district G. M. of Tattnall County, and bounded north by lands of Jim Tippins and Hattie Dasher, east, south and west by other lands of A. J. Edwards, deceased;" the intestate of the administrators, and there was no other evidence as to the identity of the land to be sold: *Held*, that the order gave the administrators no power to sell any land of their intestate's estate, for the reason that the reference in the order to an indefinite number of acres — "50 acres, more or less, of the lands of the deceased," bounded on three sides, "east, south and west by other lands of" the deceased, was too vague and uncertain to specify any land to be sold. *Huntress* v. *Portwood*, 116 *Ga.* 351 (42 S. E. 513); *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (49 S. E. 691); *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958). Such description was insufficient to deprive the heirs at law of the intestate of their title and

interest in any land of the intestate; and moreover a bidder at a sale of such described land could not know what land he was bidding for.

4. "An administrator can not sell property held adversely to the estate by a third person; he must first recover possession." Civil Code (1910), § 4033.

(a) Occupation by the claimant of land at the time it was advertised for sale by an administrator, evidenced by the claimant working the trees thereon for turpentine, is such adverse possession as to forbid the sale of the land by the administrator. *Guthrie* v. *Bullock*, 143 *Ga.* 17 (84 S. E. 59) ; *Booth* v. *Young*, 149 *Ga.* 276 (99 S. E. 886).

(b) If the claimant be in possession and contend that he is holding the land adversely, it matters not whether his title be good. *Hall* v. *Armour*, 68 *Ga.* 449 (2).

5. Applying the rulings above announced to the facts of the case appearing from the evidence, a finding was demanded that the land was not subject to be sold by the administrators; and the court did not err in directing a verdict to that effect.

*Judgment affirmed. All the Justices concur.*

No. 1478. FEBRUARY 14, 1920.

Claim. Before Judge Sheppard. Evans superior court. May 3, 1919.

*A. S. Way* and *P. M. Anderson,* for plaintiffs in error.

*Hines, Hardwick & Jordan, J. Saxton Daniel,* and *W. G. Warnell,* contra.