*G. C. Dekle,* contra.

---

## ANDREWS *et al. v.* MOSS, sheriff, *et al.*

1. The court did not err in refusing to enjoin the sale of certain lands which had been levied upon for the purpose of collecting drainage assessments, over the objection that such levies were void upon the ground that the description of the lands levied upon was too vague and uncertain, where it appeared from the evidence that the levies and the entries thereof referred to the recorded assessment roll or drainage tax duplicate of the drainage district, which in turn made reference to a plat of the original survey of the drainage district, which was of file in the office of the clerk of the superior court of Franklin County; it appearing from the evidence that by the use of the aforesaid plat, with the legend or key appearing thereon, the exact courses and distances bounding the lands levied upon could be accurately surveyed.

2. The controlling issue of fact in the hearing of the application for a temporary restraining order before the trial judge was whether a map which purported to represent a correct survey and plat of the plaintiffs in error subjected to drainage tax sufficiently described the same as to identify each of the several tracts for the purpose of levy and sale as required by law, or whether for lack of sufficient description and identification each and all of the levies were void because the map failed to supply sufficient information to enable the lands in question to be identified and located by the officer or a probable purchaser at his sale. Upon this point the evidence was conflicting. There was testimony that the map was wholly insufficient for the purpose of identifying the land or of ascertaining the boundaries of any of the several tracts, but there was also evidence that the courses and distances of each of the several tracts sought to be subjected were already on the map in the legend and scale, and that any competent engineer can survey a map with a scale and compass as accurately as he can survey an ordinary farm with a compass and chain, that the courses and distances upon the map in question could be just as certainly and definitely calculated, and thereby the individual tracts of land located, as the same tracts of land could be located by courses and distances definitely stated in a deed; and this without any outside information. This testimony fully authorized the trial judge to hold the description in the levies in question sufficient, and the decision in this case must be controlled by the general rule that in the grant or refusal of interlocutory injunctions the decision of the trial judge upon conflicting evidence will not be disturbed.

No. 4465.    AUGUST 14, 1925.

Petition for injunction. Before Judge Hodges. Franklin superior court. June 14, 1924.

In 1919 the Middle River Drainage District was created in Franklin County, extending also into the counties of Banks and Stephens. All of the plaintiffs or their predecessors in title were made parties to the proceedings to establish this drainage district. Fi. fas. against all of the plaintiffs were issued by the tax-collector of Franklin County, for the drainage assessments claimed to be due for the years 1922 and 1923. These fi. fas. were levied by the sheriff of Franklin County upon the lands of each of the plaintiffs. The descriptions of the various tracts of land contained in the several fi. fas. were identical with the description of these tracts in the assessment roll or drainage tax duplicate of the proceedings to establish the Middle River Drainage District. The plaintiffs filed a petition seeking to enjoin the sheriff, the tax-collector, and the board of commissioners of said district from proceeding to enforce the collection of the drainage fi. fas. The plaintiffs claimed that as each tract was described merely by reference to adjoining landowners, and insisted that as each tract was cut off from a larger tract of each of the plaintiffs and described as adjoining on one side other lands of each of the plain-tiffs respectively, such description was void for uncertainty, and that therefore the assessment roll or drainage tax duplicate, the fi. fas. issuing thereon, and the levies of the sheriff, were each and every one void for uncertainty of description. The petitioners further contended that although the assessment roll made reference to a plat of the drainage district of file in the office of the clerk of the superior court of Franklin County, still the descriptions of the various tracts were not made more certain or definite by this plat, as the plat was a mere sketch or outline, and had on it no courses nor distances and no metes nor bounds. The petitioners attached to the petition, as exhibits "A" to "K" inclusive, copies of the fi. fas. issued by the tax-collector. As typical of the description in each of the fi. fas. the following is quoted: "All that tract or parcel of land lying and being in the County of Franklin, State of Georgia, in Middle River Drainage District on Leatherwood Creek, and being bounded on the north by the lands of H. F. Crump and J. C. Andrews, and on the east by the lands of H. F. Crump and J. H. Taylor, on the south by Leatherwood

Creek, and on the west by Leatherwood Creek and lands of Mrs. P. G. Gully, consisting of seventy-one and 90-100 acres, being the lands of J. C. Andrews, as described in the assessment roll or drainage tax duplicate of Middle River Drainage District, said State and County, on file in the office of the clerk of the superior court of Franklin County." The defendants answered, that the drainage district had been established in accordance with the terms of the statute; that a competent engineer had been employed, and the district carefully mapped and platted; that the map on file is a true and correct map drawn to a scale, equipped with a legend, and truly represents said district, and correctly states and shows the persons whose land was in said district, and correctly states the acreage of each person to the one hundredth of an acre. "Having been parties to the drainage proceedings, having taken part in the creation and establishment of said drainage district, having acquiesced in the description of their respective properties as contained in the drainage records, having consented to the issuance and sale of bonds to be paid from assessments against their said lands as described in said drainage proceedings, and having received and enjoyed for approximately five years the benefits of said drainage improvements, defendants show that petitioners, by the very terms of the drainage act itself as well as upon well-settled principles of law and equity, are now forever barred and estopped from setting up or claiming any defect or irregularity in the drainage proceedings which might affect or defeat the collection of the assessments against their respective lands."

The evidence adduced at the hearing was conflicting. The court refused the prayer of the petitioners for a temporary injunction, and dissolved the restraining order previously granted. The plaintiffs excepted to that judgment.

*J. D. Bradwell, J. H. & Emmett Skelton, W. W. Stark, Fermor Barrett, T. G. Dorough,* and *W. S. McDaniel,* for plaintiffs.

*W. R. Little* and *Anderson, Rountree & Crenshaw,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) In the lower court the plaintiffs in error sought to enjoin the sale of certain property described in the petition, upon the ground, among others, that the levies of the sheriff under which the properties were sought to be brought to sale were void for uncertainty of de-

scription in the advertisements and levies; the contention being
that each tract is described merely by reference to adjoining-land
owners, and each tract being cut off from a larger piece of land
of each of the plaintiffs, and, being described as adjoining on one
side other lands of such owner, such description, under the ruling
of this court in *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E.
513), is void for uncertainty, and in consequence the assessment
roll of the drainage tax and the fi. fas. issuing thereon were void
for uncertainty of description. The issue must be controlled by
the answer to the question whether the original plat upon which
the assessments provided by law are based is so certain and definite
that the exact tract of land assessable and assessed for drainage
taxation can be ascertained and definitely located. In answer to
the petition the defendants set up that the plaintiffs were estopped
from setting up or claiming any defect or irregularity in the
drainage proceedings which might affect or defeat the collection
of the assessments against their respective lands, by reason of the
fact that the plaintiffs had taken part in the establishment of the
drainage district, had acquiesced in the description of their sev-
eral properties as contained in the drainage rolls, had consented to
the sale and issuance of bonds, and had enjoyed for several years
the benefits of the drainage improvements.

We shall first consider the matter of the sufficiency of the de-
scription of the various tracts of land as the same appears in the
original plat of the surveyor and the assessment rolls as made and
filed under the provisions of the drainage act (Acts 1911, p. 108)
to withstand the objections made by the plaintiffs; this for the
reason that if the original description of the land assessed and
subjected to the drainage assessment is sufficient in law, the trial
judge did not err in refusing to enjoin the sale of the properties
levied upon, and it was not necessary for him or for this court
to consider any principle resting upon the doctrine of estoppel.
The writer confesses that upon his first review of the record, and
since it appears in the case of each piece of property mentioned
in the record that one side of the tract of land assessed was bound-
ed by other land of the same proprietor as him to whom the tract
of land assessed belonged, the case at first blush seemed to be
controlled by the doctrine announced in *Huntress* v. *Portwood,*
supra, *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691), *Craw-*

*ford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958), *Glover* v. *Newsome,* 132 *Ga.* 797 (65 S. E. 64), *Edwards* v. *Sands,* 150 *Ga.* 11 (102 S. E. 426), and *Jones* v. *Harris,* 151 *Ga.* 129 (106 S. E. 555), because, as appears in the statement of facts, the dividing line between that portion of the land of the owner subjected to assessment and the remainder of the tract of such owner is not marked upon the plat by any natural or artificial landmarks, nor delineated by any figures indicating courses and distances. To merely view the map, it would naturally appear to be impossible for even a surveyor to locate, except by guesswork, the various lines delimiting the boundaries of the tracts of land assessed and subjected to drainage taxation. The question as to the sufficiency of description essential and requisite to make good a conveyance or a levy upon land in a general way may be said to be determined by whether the description given will enable a sheriff, either for himself or by means of such competent assistance as he may secure, to so definitely locate the exact land levied upon or conveyed as will enable him to correctly describe, advertise, sell, and place the purchaser in possession of no more and no less land, and of the same and not other land than that conveyed or subjected by law to levy and sale. We have referred to the question of sales of land, because the cases relied upon by the plaintiffs in error are cases of voluntary conveyances, and the case at bar is one where the land in question is sought to be subjected to sale under the provisions of the drainage act, supra. But in both instances the same principle is applicable. A voluntary conveyance is void if the description used in the conveyance leaves in such doubt the quantity and location of the land conveyed, by reason of the failure of the writing itself to furnish at least *a key* which with the aid of aliunde testimony may definitely establish the agreed boundaries of the tract sought to be conveyed. For the same reason, and from the fact that it is necessary for a sheriff who sells real property to put the purchaser in possession thereof, a levy may be void for uncertainty and afford good grounds for enjoining a sale of the property. In the levy in this case, quoted in the statement of facts, the description of the land levied upon does not confine itself merely to the boundaries of adjoining-land owners, but proceeds to further identify the land levied upon by saying "as described in the assessment roll or drainage tax duplicate of Middle

River District, said State and County, on file in the office of the clerk of the superior court of Franklin County." We deem the language quoted as sufficient to incorporate as part of the description in the levy the paper referred to. The plaintiff introduced in evidence the plat of the Middle River Drainage District, showing the various tracts of land upon which the assessments were placed. As stated, no courses or distances are noted upon this plat, but there was testimony before the court that by the use of the legend or "key" any competent surveyor could ascertain the area and location of each tract shown upon the plat. Mr. Conger, who testified to the original survey and field-notes of each tract of land in the Middle River Drainage District, testified that "the maps were accurately drawn to a scale, which scale is noted on the map. The map also contains thereon a legend representing different features of the map by different lines of the map and a scale; the different tracts of land within the district can be readily located by any competent engineer equipped with proper instruments. The maps were made in the customary and accepted way of making drainage maps. The courses and distances are not written on said map, nor are they generally or customarily written on such maps. The courses and distances are already on the map in the legend and scale. Any competent engineer can survey a map with a scale and compass as accurately as he can survey an ordinary farm with a compass and chain such as is used in ordinary land surveying. For instance, I could easily write the courses and distances on this map. However, I would get the courses and distances from the map itself. Writing these things on the map would not add anything that is not already there." While there were other surveyors who testified that the area and boundaries of the several tracts could not be determined by the map with its legend, and that extrinsic evidence would be required in an endeavor to ascertain the location of each and all of the tracts marked upon the map, the comparative credibility and weight of the testimony in this case, as in all others of a similar character, was addressed to the discretion of the trial judge; and the court preferred the testimony from which it appeared that there was no difficulty preventing the sheriff from levying upon the exact land assessed, and that there would be no difficulty after his sale in placing any purchaser in possession be-

cause he could not ascertain the exact boundaries of the tract he had sold. In the very able opinion of the trial judge in which he dealt with every point presented by counsel at the hearing in the lower court, in dealing with the probative value of the map as affecting the merits of the case, he said: "It is to be observed that this drainage map is not as devoid of definiteness and descriptive matter as one might suppose from a casual observation of it. It contains a legend or explanation of every line drawn upon it. This is the key that unlocks the door to many things apparently hidden. There is a scale by which the breadth and width of anything appearing on it may be definitely ascertained." From this it is apparent that the learned trial judge accepted the testimony establishing the map with its key as the equivalent of a plat on which every course and distance was plainly noted. If the testimony of Mr. Conger is to be credited, we see no reason why the lower court should not have reached the conclusion that the map was a key fully sufficient to enable the sheriff, with the aid of a surveyor, to locate the exact land he intended to sell and to place the purchaser upon that land, and no other than that which was lawfully subject to the drainage assessment.

In view of the conclusion we have reached upon the point of the sufficiency of the descriptions of the lands as contained in the levies, consideration of other points argued in the brief is unnecessary. The trial judge did not err in refusing to enjoin the sale of the lands in question.

<em>Judgment affirmed. All the Justices concur.</em>