23864. TIFT v. GULF OIL CORPORATION.

UNDERCOFLER, Justice. T. W. Tift, Jr. brought an action of ejectment against Gulf Oil Corporation under the fictitious form. The jury rendered a verdict in favor of defendant. Plaintiff appeals to this court specifying in his enumeration of errors that the court erred in overruling his motions for a directed verdict and judgment notwithstanding the verdict and in giving to the jury certain instructions.

In 1956 plaintiff sold to the defendant a tract of land fronting 200 feet on the north side of U. S. Highway 82 in Tift County. In 1963 the plaintiff brought suit complaining that the defendant was occupying and claiming a strip of land owned by the plaintiff fronting 19.1 feet on said highway west of and adjacent to the tract sold to defendant. The controversy centers around the beginning point of the tract sold to the defendant. The plaintiff contends that the beginning point of the tract is the southwest corner of land owned by one Kent described in the deed which point is 19.1 feet east of the beginning point claimed by the defendant.

The pertinent portion of the defendant's deed reads as follows: "Begin at a point marked by an iron stake in the southwest corner of land owned by Kent and the southeast corner of land owned by T. W. Tift, Jr., which beginning point is 282 feet west of the City Limits of Tifton, Georgia sign . . . according to a survey and plat of such property made by G. E. Warren, Surveyor, on September 29, 1956." *Held:*

1. The evidence was conflicting as to the location of the city limits of Tifton and the southwest corner of the Kent property, but at the time of the purchase of the defendant's tract of land it was staked by a surveyor, marked with iron pins, and its location established by reference to a city limit sign then in place. The evidence indicates that representatives of the parties viewed the tract of land and the iron pin marking the starting point, that the sale of the property was then consummated, and the iron pins marking the tract

are still in place. Under this evidence the court did not err in overruling the plaintiff's motion for a directed verdict. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." *Code Ann.* § 110-104. "And a verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Davis v. Wight,* 207 Ga. 590 (2) (63 SE2d 405). Since the plaintiff's motion for a directed verdict was properly denied, the court did not err in denying plaintiff's motion for judgment notwithstanding the verdict. *Code Ann.* § 110-113.

2. The appellant enumerates as error the charges given by the trial court as requested by the Gulf Oil Corporation to the effect that where the description of land in a deed contains a discrepancy between monuments and courses and distances, the monuments will prevail, and where corners are marked by a surveyor and described in the deed, the party claiming and occupying the property contained within such boundaries and corners so marked by the surveyor shall hold accordingly notwithstanding the mistaken description. The instructions enumerated as error were correct statements of law and under the evidence the court did not err in so charging. *Riley v. Griffin,* 16 Ga. 141 (60 AD 726); *Brantly v. Huff,* 62 Ga. 532 (5), 534; *Harris v. Hull,* 70 Ga. 831 (1); *Leverett v. Bullard,* 121 Ga. 534 (2) (49 SE 591); *Calhoun v. Ryals,* 159 Ga. 35 (124 SE 867); *Rocker v. DeLoach,* 178 Ga. 480, 484 (173 SE 709); and *Barrett v. Dodd,* 206 Ga. 840 (59 SE2d 395).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1967—DECIDED FEBRUARY 9, 1967.

*Maxwell A. Hines, Seymour S. Owens,* for appellant.

*Reinhardt, Ireland, Whitley & Sims, Bob Reinhardt, John S. Sims, Jr.,* for appellee.