## 40331. DOVER v. PRITCHETT.

HILL, Chief Justice.

This litigation involves title to property off Cochran Mill Road (now Long Station Road) in Aragon, Georgia. The trial court granted summary judgment to plaintiff, Mildred A. Pritchett, on her suit to enjoin trespass by defendant, Ralph W. Dover. He appeals.

In April 1966, then County Road Commissioner Lyle Bond asked Dover to obtain the signatures of the landowners abutting Cochran Mill Road in order to deed land for a right of way to the county for paving. The signatures were collected upon the deed, which at that time was blank but which was later completed and recorded on May 25, 1967.

On July 15, 1978, Dover and his siblings sold to their aunt, Mrs. Robinson, the lot in question, located southeast of the intersection of Cochran Mill Road and the Southern Railroad right of way, out of their larger tract. Dover testified on deposition that at the time of the sale, iron pins were placed at the four corners of the lot they intended

to sell to Mrs. Robinson, that Mrs. Robinson was shown the pins, and the legal description in the deed to her was then drawn up.[1] The pins at the northwest and northeast corners of the lot were placed 30 feet south of the centerline of Cochran Mill Road because, according to Dover, the county had a 60 foot right of way. Two years later, Mrs. Robinson conveyed the property to her daughter, the plaintiff, Mrs. Pritchett, for love and affection, using the same description.

When Mrs. Pritchett later hired a surveyor to plat her property, the surveyor told Dover that the deed to the county (granted in blank in 1966) passed title to an 80 foot strip of land. Dover testified that only a 60 foot strip was to be conveyed to the county by him and the adjoining landowners, and that he had acted upon that assumption in deeding the property to Mrs. Robinson. Dover immediately sought and received relief from the county commission, which quitclaimed 10 feet on each side of the strip back "to the original owners thereof and their successors in title." Dover contends that the lot conveyed to Mrs. Robinson was intended to be, and was, measured from the boundary of this assumed and now perfected 60 foot strip; i.e., that is, the property line starts 30 feet from the center line of the roadway. Dover points out the fact that Mrs. Pritchett's house is built partially on the 80 foot strip shown on the plat prepared by her surveyor.

Mrs. Pritchett, on the other hand, contends there were no iron pins marking the corners of her property, that the property description contemplates that the boundary line is based on an 80 foot right of way, i.e., starting 40 feet from the centerline, and that Dover is therefore trespassing on the south side of her property by about 10 feet. Her surveyor accordingly put in concrete markers which she contends now properly locate the corners of her lot.

Thereafter, Dover, while mowing alfalfa, hit a concrete marker and damaged a tractor tire and his mower. He counterclaimed for these damages and for reformation of the deeds if needed.

Upon these facts, the trial court granted summary judgment for Pritchett. She urges affirmance of the judgment in her favor on the

---

[1] "Beginning at the northwest corner at the intersection of Southern Railroad and the Cochran Mill Road at an iron pin, running the line in a southeasterly direction a distance of 160 feet along the east right of way of Southern Railroad to an iron pin; thus running the line east a distance of 150 feet to an iron pin; thence running the line north a distance of 100 feet to the south right of way of the Cochran Mill Road to an iron pin; thence running west along the south right of way of Cochran Mill Road a distance of 250 feet to the right of way of the Southern Railroad to the Point of Beginning. Said parcel of land constituting part of said lot which lies east of said Southern Railway Company lines, and commonly known as the George W. Porter Homeplace near Long Station, in the aforesaid County."

ground that the plain, unambiguous language of the deed controls and cannot be altered by extrinsic evidence. She argues further that equity will not relieve a mistake of fact when Dover could have discovered the mistake by reading his deed to the county. Additionally, she urges that laches in not discovering and correcting the right of way deed for over 15 years also bars any relief.

Dover, on the other hand, contends that the overriding principle in construing a deed is to ascertain the intent of the parties. He thus contends that the description in the deed to Mrs. Robinson, which is repeated in her deed to Pritchett, reflects a clear intention to convey whatever property lay within the 4 corners of the iron pins, which were in place, and which assumed a 60 foot right of way when they were put in place at the time of the conveyance in 1978.

Dover relies upon the rules set out in *Tift v. Gulf Oil Corp.,* 223 Ga. 83, 84 (153 SE2d 702) (1967), the facts of which are somewhat similar to those in the case before us in that there one party relied upon property lines to ascertain the beginning point and the other party relied upon iron pins. There the court held that "where the description of land in a deed contains a discrepancy between monuments and courses and distances, the monuments will prevail, and where corners are marked by a surveyor and described in the deed, the party claiming and occupying the property contained within the boundaries and corners so marked by the surveyor shall hold accordingly notwithstanding the mistaken description." These two propositions are derived from Justice Lumpkin's compilation of fourteen rules for applying the descriptive terms of a deed to locate the actual boundaries on the grounds, *Riley v. Griffin,* 16 Ga. 141 (8)(15) (1854); rules which, according to Pindar, are still good law today. Pindar, Georgia Real Estate Law, § 19-155; see also § 19-159 (1979). See also *Calhoun v. Ryals,* 159 Ga. 35, 45 (124 SE 867) (1924). We agree that these rules may be applicable here in that it appears that there may be an ambiguity or discrepancy in the deed, to wit: Is the beginning point the intersection of the Southern Railroad and Cochran Mill Road, as contended by the plaintiff, or at an iron pin as contended by the defendant?

Thus, the outcome of this case may depend upon whether the iron pins described in the deed were intended by the parties to mark the boundaries of the conveyance at the time it was made in 1978. Dover testified the iron pins were placed there in 1978 and were shown to Mrs. Robinson. He alleges the pins remained there until Mrs. Pritchett pulled them out in 1980. If these facts are so, Mrs. Pritchett is not entitled to equitable relief and therefore the summary judgment granted to her must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 4, 1984.

*Johnny R. Pannell,* for appellant.
*James I. Parker, Michael C. Walls,* for appellee.