### WALLER *v.* HOGAN, administrator.

1. The action being complaint for land, the plaintiff, who relied solely upon an administrator's deed, could not recover thereon, even as against one claiming to hold under such administrator's intestate, without showing an order of the ordinary granting the administrator leave to sell such real estate.
2. It is not erroneous to exclude immaterial and irrelevant evidence.

Submitted November 21, — Decided December 12, 1901.

Complaint for land. Before Judge Hart. Baldwin superior court. April 15, 1901.

*Howard & Crawford,* for plaintiff in error.
*D. B. Sanford* and *D. S. Sanford,* contra.

FISH, J. Ruth Hogan brought complaint, in the statutory form, for the recovery of a certain described lot of land, against Wilson Waller. Pending the case, she died, and James Hogan, as the administrator of her estate, was made plaintiff in her stead. The abstract of title attached to the plaintiff's petition was: "Deed from James Hogan, administrator of Jeff. Hogan, deceased, to Ruth Hogan, dated the third day of November, 1891." The defendant, by his plea, admitted his possession of the land in dispute, and attacked the validity of the deed under which the plaintiff claimed, on the ground that it was fraudulent and void, for the reason, among others, that the purchaser at the sale by the administrator was his wife. Upon the trial of the case, the plaintiff introduced

in evidence the deed described in the abstract of title, which purported to convey the premises in dispute, and admitted that the grantor and grantee were husband and wife.    This deed was admitted over the objections of the defendant that " (1) no authority on the part of the administrator to make the deed was shown; (2) the administrator selling as such could not sell to his wife, and the deed was void, unless it affirmatively appeared that the owner or claimant in possession had ratified the sale; (3) possession in the administrator at the time of the sale was not proven."    After certain other evidence had been introduced by the plaintiff and the defendant, the court directed the jury to find for the plaintiff the premises in dispute, with such mesne profits as, in their opinion, were authorized by the evidence.    The jury returned a verdict in accordance with this direction. ·  The defendant moved for a new trial, which motion being overruled, he excepted.

1. In the motion for a new trial there was no ground alleging error upon the overruling of the objections made by the defendant to the admission in evidence of the deed upon which the plaintiff relied.    Therefore the question whether the court did or did not err in overruling these objections can not be considered.    There was, however, in the motion an assignment of error upon the direction of a verdict in favor of the plaintiff, and this sufficiently presents for determination the question whether or not, under the pleadings and evidence, that party was entitled to a recovery. *Phillips* v. *Southern Ry. Co.,* 112 *Ga.* 197; *Anderson* v. *Walker,* 114 *Ga.* post.    The question, therefore, to be considered is, with this deed in evidence, was the plaintiff entitled to recover?    It clearly appeared from the defendant's evidence that whatever claim he had to the land sued for was held under Jeff. Hogan.    So the evidence showed that the parties to the case were claiming under the same original owner.    Consequently, if the deed from James Hogan as administrator of Jeff. Hogan, to Ruth Hogan, was a valid one, the plaintiff, under the evidence submitted and admitted, would have been entitled to recover.    Was this deed prima facie valid? We are clearly of opinion that it was not.    Before an administrator can lawfully sell property belonging to the estate of his intestate, he must apply to, and obtain from, the ordinary an order granting leave to sell the same.    No matter what may be the recitals in an administrator's deed, the prerequisite power to sell the land con-

veyed must be affirmatively shown; and this power can only be shown by proof of its grant by the ordinary. A mere recital in the deed, that the sale by the administrator was in pursuance of an order of the ordinary granting leave to sell, is not even prima facie evidence that such order was, in fact, granted. "In showing title by an administrator's deed, the order of the ordinary granting leave to sell must be produced. It is 'not sufficient that it is recited in the deed." *Yahoola River Mining Co.* v. *Irby,* 40 *Ga.* 479; *Roberts* v. *Moore,* 113 *Ga.* 174. The deed introduced by the plaintiff was insufficient to show title out of the estate of Jeff. Hogan into Ruth Hogan, because the evidence did not show that the administrator of Jeff. Hogan had any authority to sell the land which the deed purported to convey. Of course, the plaintiff could not recover in the absence of proof of title in his intestate. Therefore the verdict directed by the court was contrary to evidence and to law, and a new trial should have been granted upon this ground of the motion.

2. Another ground of the motion for a new trial was, that the court erred in excluding certain documentary evidence offered by the defendant. The bill of exceptions recites that this evidence "was tendered for the purpose of showing that, at the time of the sale, defendant and those under whom he claims were resisting the sale." Briefly stated, the evidence sought to be introduced would have simply shown that a proceeding was instituted by the widow of Jeff. Hogan for the purpose of having a year's support set apart to her out of her husband's estate; that the result of that proceeding was that one hundred dollars in money was duly so set apart out of such estate, which consisted solely of the land now in controversy, valued by the appraisers of the year's support at two hundred and twenty-five dollars; that she carried the case, by certiorari, to the superior court, claiming that as the estate was of less value than five hundred dollars, the whole of it should have been set apart as the year's support; and that the certiorari was dismissed in the superior court. It will readily be seen that there was nothing in the rejected evidence which showed that the widow of Jeff. Hogan, at the time of the administrator's sale, was resisting such sale — nothing to show that she legally made any objection to it, or instituted any proceeding against the administrator to prevent it, which was pending at the time of the sale. Even if this evidence could be

construed into a resistance of the sale on her part, it would also have shown that she failed to have the whole estate set apart as a year's support, and that, in order to realize the funds from which to pay the amount of money which was so set apart, a sale of the land by the administrator was absolutely necessary. This evidence was objected to as being immaterial; it was immaterial and irrelevant, and the court properly excluded it.

Other questions, which are not made by the bill of exceptions, have been argued in this court by counsel for plaintiff in error. Even if there be any merit in any of such questions, we can not consider it, as it is not properly here for determination.

*Judgment reversed. All the Justices concurring.*