BROWN *v.* MADDEN *et al.*

Fish, C. J. 1. There was no merit in the motion to dismiss the writ of error.

2. In order for an administrator's deed to operate as a conveyance of title, his authority to sell must be shown. The mere recital in the deed that an order to sell was granted is not sufficient. *Waller* v. *Hogan,* 114 *Ga.* 383, 384 (40 S. E. 254).

(*a*) The law does not require that the order, or a certified copy of it, shall be attached to the deed.

3. Where an administrator's deed, bearing date of 1879, recited that the sale was made on the first Tuesday in December, 1872, and there was evidence tending to show that the court-house of the county was burned in 1873 and the records therein contained destroyed and that no order for the sale could be found in the records of later date, it was competent to prove by parol evidence that the order for the sale was in fact granted. *Silva* v. *Rankin,* 80 *Ga.* 79 (4 S. E. 756).

(*a*) Where a witness testified positively that the administrator had an order authorizing the sale, in the absence of any further statement as to whether he spoke of his own knowledge or only from hearsay, this court can not assume that he was testifying from hearsay.

4. Upon sufficient foundation for the introduction of secondary evidence, it was error to reject a certified copy of the administrator's deed when accompanied by proof of the grant of the order authorizing the sale.

5. Where in an action of ejectment in the common-law form the defendant filed a plea of the general issue, and by amendment also filed a plea setting out that there was a controversy in regard to the land between himself and the administratrix of the ancestor of the plaintiffs, which was compromised by his paying a certain sum and agreeing to pay a further sum and her agreeing to make to him a conveyance and release of the interest of her intestate upon such payment, which plea tendered the balance and prayed for specific performance (though the administratrix was not a party), this plea did not admit title in the deceased ancestor of the plaintiffs, or estop the defendant from controverting such claim of title.

6. There was evidence on behalf of the plaintiffs, tending to show that their father had held possession of the land in controversy for a number of years before his death, and had died in possession, and that his administratrix consented to the suit by them. There was evidence on behalf of the defendant, tending to show that the father of the plaintiffs was not in possession claiming title in himself, but only under an agreement with the defendant which was not consummated. There being conflicting evidence, it was error for the court to direct a verdict in favor of the plaintiffs.

(*a*) An agreement by an administratrix to make a conveyance upon stipulated terms and to go through the form of a public sale in order to consummate the previous agreement would be contrary to public policy and unenforceable.

(*b*) Moreover, in the present case no authority on the part of the administratrix to make a compromise was shown.

*Judgment reversed. All the Justices concur.*
FEBRUARY 26, 1914.

Ejectment. Before Judge Frank Park. Baker superior court. September 19, 1912.

*Benton Odom* and *Rambo & Wright,* for plaintiff in error.
*E. B. Askew* and *B. W. Fortson,* contra.