MOSHER v. ROGERS.

</div>

FISH, C. J. An action was brought by Mosher against Rogers, for specific performance of the contract exhibited by the following instrument:

"Marietta, Ga., May 6th, 1912. I have received of W. T. Mosher $25.00 as part purchase-money for my place adjoining W. T. Mosher S. E., including house and everything on said place. Which I have this day sold to the said W. T. Mosher for the sum of $80.00 an acre, after deducting the cash payment made to me to-day. Balance to be paid as soon as property is surveyed and number of acres known. Which is to be paid by the said W. T. Mosher as soon as I make him a warranty deed to said property, which I agree to do by or before the 15th day of May, 1912. [Signed] A. J. Rogers. Witnessed by J. N. Channell." The petition contained the following allegation: "Petitioner further shows that the tract of land referred to in said contract marked Exhibit 'A' is the same tract of land purchased by said defendant from R. E. Butler, and conveyed to him by deed dated August 4th, 1905, and recorded in deed Book 'JJ' pg. 210, which deed conveyed 'A tract or parcel of land described as follows: Two (2) acres, more or less, off of land lot No. 1286; three acres, more or less, of land lot No. 1287; making five acres, more or less, in the aggregate; all in the 16th District and 2nd Section of Cobb county, Georgia, and bounded as follows: On the North by 16-foot street and land owned by Mosher (formerly Nelson), East by land of Mrs. Marietta H. Roberson, South by 16-foot street and lands of Reverend Paris, and West by 16-foot street and lands of Brewer (formerly Annie F. Armstrong).'" *Held:*

1. The description of the land as contained in the contract and in the above-quoted portion of the petition was not too vague, indefinite, and uncertain to form the basis of a decree for specific performance.

2. The contract shows that it was in the contemplation of the parties that the land should be surveyed, in order to ascertain the quantity and the proper courses and distances, so that it might be accurately described

in the conveyance. The purchase-money was to be paid when the defendant should execute a deed to the plaintiff, and the defendant reserved the right to execute the conveyance by or before May 15, 1912. This being true, he had a right to wait until that date to perform his part of the contract; and the suit, having been commenced on the 12th day of that month, was prematurely brought.

(a) While the petition alleged that the defendant refused to accept the money tendered by the plaintiff at the rate of $80.00 per acre for the number of acres contained in the parcel of land in question, as ascertained by the survey which the plaintiff had procured to be made, and that the defendant also refused to comply at that time with his contract, such allegations did not authorize a proceeding to compel specific performance to be commenced before the time specified in the contract.

(b) Semble that it failed to show an anticipatory breach; but as this was not an action for damages based on that ground, but an effort to compel specific performance, that point need not be decided.

3. The court did not err in sustaining the demurrer to the petition, it being demurrable on the ground that the action was prematurely brought.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

APRIL 23, 1914.

Action for specific performance. Before Judge Patterson. Cobb superior court. May 8, 1913.

*J. H. Boston Jr.,* for plaintiff. *C. H. Griffin,* for defendant.