### MARSHALL *v.* CARTER *et al.*

1. A grantor in his deed described the land thereby conveyed as follows: "All that certain tract, part, or portion of land, situate, lying, and being in the 456th G. M. District of Appling county, containing two hundred and forty-five (245) acres, more or less, and bounded as follows: on the North by lands of W. L. Stone, on the East by lands of H. A. Walker, on the South by lands of H. G. Hall, and on the West by lands of B. M. Johnson. Said tract of land being land I purchased from Mrs. Odom about five (5) years ago." One of the abutters in the calls was the grantor. *Held,* that the description is not so indefinite as to exclude the deed from evidence, and aliunde evidence is receivable to identify the land as that purchased by the maker from Mrs. Odom.

2. A deed by a sheriff, purporting to convey a portion of a larger tract of land owned by the defendant in fi. fa., wherein the description is of calls for the abutters, one of whom is the defendant in fi. fa., and wherein the land is estimated as containing a given number of acres, "more or less," is lacking in definiteness, because of the failure to locate, or furnish the data to locate, the dividing line between the land which is sold and the rest of the land of the defendant in fi. fa.

3. A deed to secure a debt passes the legal title, and will authorize a recovery in ejectment.

JUNE 18, 1915.

Ejectment. Before Judge Conyers. Appling superior court. March 10, 1914.

*F. P. McIntire* and *Parker & Highsmith,* for plaintiff.

*Alvin V. Sellers,* for defendants.

EVANS, P. J. A. M. Marshall brought his suit in ejectment against Nep Carter, tenant in possession. W. L. Stone was served with a notice of the pendency of the suit, and cited to appear and assert any claim which he might have to the land; and in response to the notice he appeared and defended the action. On the trial of the case it was admitted that Stone was the real claimant of the land, and that Carter was in possession as his tenant. The plaintiff was nonsuited, and sued out a bill of exceptions, complaining of the nonsuit and of the exclusion of certain muniments of his title, on the ground of the insufficiency of the description of the property.

1. The locus is a part of land lot 519. It appeared from the evidence that land lot 538 adjoined lot 519. On January 13, 1903, G. W. Stone conveyed to W. L. Stone the east half of lot 538, and to Martin Stone the west half of the same lot. On January 25, 1906, Elizabeth Odom conveyed to W. L. Stone, "all that tract or parcel of land lying and being in the second district of Appling county and known and distinguished by No. 519, and being all of said lot except one hundred (100) acres in the Southwest corner, which has been conveyed to H. A. Walker and H. A. Odum. The said tract of land containing 390 acres, more or less, agreeable to the original survey. Said land bounded on the North by lands of W. L. Stone and M. V. Stone, on the East by lands of H. A. Walker and H. A. Odum, and on the South by lands of Henry Hall, and on the West by lands of M. B. Johnson." On September 4, 1908, W. L. Stone executed to Marshall & Company, a firm composed of A. M. Marshall and J. F. Hennemier, a deed to secure a debt to "all that certain tract, part, or portion of land, situate, lying, and being in the 456th G. M. District of Appling county, containing two hundred and forty-five (245) acres, more or less, and bounded as follows: on the North by lands of W. L. Stone, on the East by lands of H. A. Walker, on the South by lands of H. G. Hall, and on the West by lands of B. M. Johnson. Said tract of land being land I purchased from Mrs. Odom about five (5) years ago." Hennemier, on September 4, 1908, transferred to A. M. Marshall his interest in the land therein described. This deed and transfer were rejected on the ground that the deed was invalid, because the property was insufficiently described. The

plaintiff then tendered in evidence a sheriff's deed, dated May 7, 1913, together with the execution and entry of levy· thereon, conveying to the plaintiff, in pursuance of a sale made under a fi. fa. in favor of Marshall & Company against W. L. Stone, issued from the superior court of Chatham county, a tract of land described as follows: "All that certain lot, tract, or parcel of land, situate, lying and being in the 456th G. M. District of Appling county, Georgia, containing two hundred forty-five (245) acres, more or less, and being bounded on the North by lands of W. L. Stone, on the East by lands of H. A. Walker, on the South by H. G. Hall, and on the West by lands of M. B. Johnson, and being part of lot No. 519 in the second land district of said county." This deed was rejected for insufficiency of description. The plaintiff then introduced testimony to the effect that the locus in quo is the land purchased by W. L. Stone from Mrs. Elizabeth Odom about 1906; that lot 538 adjoins 519 on the north; and that in 1908 H. A. Walker owned the adjoining lands on the east, H. G. Hall the adjoining lands on the south, and M. B. Johnson the adjoining lands on the west.

The real defendant, W. L. Stone, was vouched in by notice, and appeared and defended the action. The plaintiff claims a right of recovery against him and his tenant, both under the deed to secure debt and under the sheriff's deed. The court rejected both deeds as containing insufficient descriptions of the land purported to be conveyed. With respect to the deed to ·secure debt we think the description is ample. It appears that W. L. Stone purchased two adjoining tracts of land. In conveying the land described in the security deed to Marshall & Company he gave himself as an abutting owner, and the conveyance is to be treated as that of a part of a greater tract. If nothing more appeared in the description of the land than that he was conveying a portion of a larger tract, naming himself as one of the abutters, without locating the dividing line and estimating the area as containing a given number of acres, more or less, the case would fall under the ruling made in *Huntress* v. *Portwood*, 116 *Ga.* 351 (42 S. E. 513). But the description by calls is aided by the further statement: "Said tract of land being land I purchased from Mrs. Odom about five (5) years ago." This additional description defines the land conveyed as that having been previously purchased, about five years

ago, from Mrs. Odom. It is well settled that the description of
land in a deed is sufficient if it affords means, by the application of
aliunde proof, of identifying the land. *Luttrell* v. *Whitehead,* 121
*Ga.* 699 (49 S. E. 691). It has been held that a description of
land in a deed as "ten acres of land, situated in [a certain district],
where I now reside," is not too indefinite to be made certain by
parol evidence. *Brice* v. *Sheffield,* 118 *Ga.* 128 (44 S. E. 843). In
*Derrick* v. *Sams,* 98 *Ga.* 397 (25 S. E. 509, 58 Am. St. R. 309), the
description of land in a mortgage was, "parts of lots of land Nos.
22 and 38 in the 5th land district of Rabun county, Ga., it being
the land purchased by J. L. Henson of J. E. Derrick;" and it was
held that it was not so defective and uncertain as to render the
mortgage inadmissible in evidence, and that it was competent to
identify by parol evidence the land covered by the mortgage as the
same as that purchased by Henson from Derrick. It would seem
that the principle of that case is conclusive on the ruling in the
present case as to the admissibility of the security deed from Stone
to Marshall & Company. The deed from Mrs. Odom was put in
evidence. That deed contained a definite description of the land,
and the deed from Stone to Marshall is to be construed as incor-
porating that description, which may be shown by extrinsic evi-
dence. The court erred in repelling the security deed.

2. But the deed from the sheriff makes no reference to any
aliunde fact for better description, and must stand or fall upon the
sufficiency of its own language as a description of a specific tract
of land. The calls give the abutters on the east, south, and west.
The abutter called for on the north is W. L. Stone. The sheriff in
selling land acts as the agent appointed by law for the defendant,
to make an involuntary conveyance of the defendant's property.
To all intents and purposes the deed, so far as the description is
concerned, is to be treated as having been made by the defendant
in fi. fa. Where land is levied upon as being a part of a larger
tract owned by the defendant in fi. fa., and the calls of the levy are
the abutters, one of whom is the defendant in fi. fa., and the area
of the land is given as containing a specified number of acres, more
or less, and the description furnishes no data to locate the dividing
line between the tract to be sold off and that which remains, the
description is insufficient. The insufficiency of the description by
calls is not aided by the assertion that it is a part of lot 519 in the

34

second land district, for the reason that the deed does not purport to convey all of the land of the defendant in fi. fa. lying in that particular land lot. No escrow deed for the purpose of levy was introduced in evidence. Nor does the record contain a description of the land as contained in the levy. We can not assume that the description in the levy was different from that in the sheriff's deed, nor can we assume that an escrow deed was filed. Accordingly, the sheriff's deed under the circumstances can not be treated as valid, or as preventing a recovery on the security deed.

3. A plaintiff may recover in ejectment on a security deed made to him by the defendant. *Dykes* v. *McVay,* 67 *Ga.* 502 (2). If the court had not erroneously rejected the security deed, the plaintiff would have made a prima facie case. Accordingly, the judgment is                    *Reversed. All the Justices concur.*