HAYES v. DICKSON.

ATKINSON, J. The administrator upon the estate of William Wash filed an application in the court of ordinary for leave to sell "the lands in said county belonging to said estate,· which are described as follows: 245 acres, more or less, of lot of land No. 109, also 122 acres, more or less, of lot of land No. 94, in the 4th land district of Irwin County, Georgia." Upon this application the ordinary granted an order authorizing the administrator to sell "the following land of said estate, to wit: 245 acres, more or less, of lot of land No. 109, also 122 acres, more or less, of lot No. 94 in the 4th land district of Irwin County, Georgia." *Held:*

1. On an attack upon the sale based on such order, where it appeared that at the time of the sale the portions of the lots referred to in the order had been staked off, and that the estate was in possession thereof and was not in possession of any other lands in the district, the order of sale was sufficiently definite, and was admissible in evidence as authority to the administrator to make the sale.. Civil Code, § 4026; *Hall* v. *Davis,* 122 *Ga.* 252, 255 (50 S. E. 106); *Davie* v. *McDaniel,* 47 *Ga.* 195 (3); *Oliver* v. *Powell,* 114 *Ga.* 592 (7), 601 (40 S. E. 826); *Tarver* v. *Barber,* 138 *Ga.* 607 (75 S. E. 603); *Laramore* v. *Dudley,* 145 *Ga.* 102 (88 S. E. 682); Powell on Actions for Land, 311, § 246.

(*a*) It was competent by extrinsic evidence to identify the land in dispute as the land contemplated by the administrator's sale.

(*b*) In a suit by the purchaser at the administrator's sale against a ten-

ant of the heirs at law of the intestate, to recover the land, the deed executed by the administrator in pursuance of the sale heretofore mentioned, which described the property as "the south half of lot No. 109 in the 4th district of Irwin County, Georgia, containing 245 acres, more or less; also 122 acres, more or less, in the southwest corner of lot of land No. 94, . . both of said tracts being in the 4th district of Irwin County, Georgia," construed in connection with the order of sale, sufficiently described the land to be conveyed. *Yopp* v. *A. C. L. R. Co.,* 148 *Ga.* 539 (97 S. E. 534).

(*c*) Under application of the foregoing principles, there was no merit in any of the assignments of error based on the rulings of the court on the admissibility of evidence.

2. Under the pleadings and evidence, the only possible verdict that could have been rendered was that which the court directed in favor of the plaintiff.      *Judgment affirmed. All the Justices concur.*

No. 968. FEBRUARY 12, 1919.

Equitable petition. Before Judge Crum. Ben Hill superior court. March 7, 1918.

*J. W. Haygood, Eldridge Cutts, Quincey & Rice,* and *W. C. Lankford,* for plaintiff in error.

*Otis H. Elkins* and *McDonald & Bennett,* contra.