### PENDERGRASS *v.* HARDMAN.

ATKINSON, J. 1. As a general rule an administrator's deed to land is inadmissible as evidence of title, unless accompanied by evidence of an order from the court of ordinary authorizing such sale. *Yahoola River Mining Co.* v. *Irby*, 40 *Ga.* 479 (3) ; *Waller* v. *Hogan*, 114 *Ga.* 383 (40 S. E. 254) ; *Brown* v. *Madden*, 141 *Ga.* 419 (2) (81 S. E. 196).

2. The evidence brought up in the record in this case is not of such character as to establish an estoppel in favor of the claimant who was the purchaser at the administrator's sale, as against the plaintiff in fi. fa.; and for this reason we can not say that the administrator's deed was admissible in connection with other evidence to show such estoppel.

(a) Allegations of fact contained in the equitable plea in aid of the claim, to which no answer was made, can not be considered as evidence, and proof thereof should be made in order to sustain such equitable amendment.

3. Under application of the principles announced in the preceding notes, it was error to refuse a new trial.

*Judgment reversed. All the Justices concur.*

No. 3732. FEBRUARY 16, 1924.

Claim. Before Judge Fortson. Jackson superior court. April 7, 1923.

*Ray & Ray,* for plaintiff. *W. W. Stark,* contra.