### PORTER v. PASCHAL.

ATKINSON, J.  1.  A deed the caption of which was "State of Georgia,
Muscogee County," purported to convey "one acre of land south of the
Macon road, near the Wimberly graveyard; said acre is bound on the
north by the public road, on the east by land now owned by Fred Porter
[the grantee], on the south and west by E. L. Senior [the grantor], for
a house seat," in exchange for "one acre of land off of the southwest
corner of Fred Porter's fifty (50) acres of land bound on the south by

land owned by J. F. Ritch, on the east and north by Fred Porter, on the west by E. L. Senior." *Held*, that the description of the first one-acre tract in the instrument afforded sufficient means of ascertaining and identifying by competent extrinsic evidence the land intended to be conveyed, and was not void for uncertainty. *Moody* v. *Vondereau*, 131 *Ga.* 521 ·(62 S. E. 821), and cit.; *Hayes* v. *Dickson*, 148 *Ga.* 700 (98 S. E. 345); *Calhoun* v. *Ryals*, 159 *Ga.* 35 (124 S. E. 867). See also *Gaston* v. *Gainesville Railway Co.*, 120 *Ga.* 516 (48 S. E. 188). It would be competent to show by extrinsic evidence that the defendant with the knowledge and consent of the grantor, at the date of the deed or soon thereafter, took actual possession of one acre of land, near the Wimberly graveyard, that was bounded north by the Macon road and east by the land of the grantee and south and west by other lands of the grantor. Evidence of that character would apply the descriptive terms of the deed to the land involved in the suit.

2. The trial judge erred in excluding from evidence the deed referred to in the preceding note.     *Judgment reversed. All the Justices concur.*

No. 4405. DECEMBER 19, 1924.

Complaint for land.     Before Judge Munro.     Muscogee superior court.     May 8, 1924.

In an action of complaint for land the petition alleged that the defendant claimed under an inferior title from plaintiff's grantor. There was evidence tending to show that the plaintiff's grantor formerly owned lot number 190 in the 9th district of Muscogee County; that the lot was rectangular; that the Macon road running east and west crossed the northern part of the lot; that the common grantor sold the east half of the lot to defendant; that after such sale the grantor agreed to exchange one acre located on the east side of the west half of the lot immediately south of the Macon road, which was near the Wimberly graveyard, with the defendant to be used as a place of residence, for one acre in the southwest corner of the east half of the lot; that the defendant immediately purchased lumber and placed it on the building-site preparatory to constructing a residence; that after the lumber was so placed the plaintiff's grantor on February 27, 1919, executed a deed to the defendant as follows:

`"State of Georgia, Muscogee County. This indenture made this 27th day of February in the year of our Lord one thousand nine hundred and nineteen, between E. L. Senior and Fred Porter of the State of Georgia and County of Muscogee. The said E. L. Senior has this day given and delivered unto Fred Porter one acre of land south of the Macon road, near the Wimberly graveyard; said acre is bound on the north by the public road, on

27

the east by land now owned by Fred Porter, on the south and west by E. L. Senior, for a house seat, for one acre of land off of the southwest corner of Fred Porter's fifty (50) acres of land bound on the south by land owned by J. F. Ritch, on the east and north by Fred Porter, on the west by E. L. Senior. . ." This deed was executed by Senior in the presence of three witnesses. It was never recorded, but the defendant immediately entered possession and completed the construction of his residence, which cost about $600 or $700, and continued to reside there with his family. On the date of the deed the plaintiff's grantor took possession of the one-acre tract which he received from the defendant. The plaintiff lived in the neighborhood and had visited the home of the defendant. In these circumstances the plaintiff purchased the west half of lot 190 for the price of $500, and received therefor a warranty deed which did not except the one acre which had been sold to the defendant. The plaintiff's deed was duly recorded. On the basis of the title thus acquired the plaintiff brought her action against the defendant for the recovery of the land included in her deed, of which the defendant was in possession. On the trial the court excluded from evidence the defendant's deed from the common grantor, on the ground that the description was too indefinite to render the instrument effective as a conveyance. A verdict was returned finding for the plaintiff the land without rents. The defendant made a motion for a new trial on the general grounds, and for error in the ruling excluding the deed from evidence. The exception is to the judgment refusing a new trial.

*George C. Palmer,* for plaintiff in error.

*Davis & Davis,* contra.