## DURDEN *v.* PHILLIPS *et al.*

1. A deed purporting upon its face to have been made by the trustee of a bankrupt, under an order of the bankruptcy court, is inadmissible in evidence as a muniment of title without the production of the order or a certified copy thereof. The mere recital in such deed, that an order had been granted to sell the land thereby conveyed, is not sufficient. Nor is such deed, without such order, admissible against an adverse claimant of a portion of the land thereby conveyed, to show the good faith of the grantees therein in trespassing thereon, on the hearing of an application by such claimant for an interlocutory injunction to restrain such grantees from continuing to trespass thereon, title by prescription under color of title in such grantees being in no way involved.

2. A levy of a tax fi. fa. in personam against a taxpayer, for the year 1922, for $161.83, besides interest and costs, upon 100 acres of a tract of land embracing 350 acres, more or less, in which the taxpayer owned a life-estate, can not be held, as a matter of law, to have been excessive, under the facts of this case, there being no evidence of the value of the life-estate, nor any data from which such value can be arrived at, and it appearing that the defendants, in 1926, purchased the life-estate of the taxpayer, who had reached old age, in the whole tract at $2 per acre, although there is evidence tending to show that the value of the fee in the 100-acre tract was worth $25 per acre.

   (*a*) For the same reason, the other levies of tax fi. fas. for the years 1924 and 1925, upon tracts of 50 acres of said tract of 350 acres, more or less, can not be held to have been excessive.

   (*b*) Life-tenants, and those who own and enjoy the property, are chargeable with the tax thereon; and whether the levies of these tax fi. fas. are excessive or not depends upon the value of the life-estate of Phillips in the tracts levied upon and sold under the tax fi. fas.

   (*c*) The county having acquired title to the tract of 100 acres, and to one of the tracts of 50 acres, prior to the title acquired by the defendants under the trustee's deed, and it not appearing from the facts in the record that the levies of the tax fi. fas. under which these tracts were sold were excessive, the title of the county to these two tracts is superior to that of the defendants acquired under the sale by the trustee in bankruptcy of E. H. Phillips.

   (*d*) A sale of property under any other process does not divest the lien

44

of the State for taxes. So a sale of land by the trustee of a bankrupt does not divest the lien of the State thereon for taxes, although sold by such trustee free of incumbrance. Where such tax sale takes place after the sale by the trustee in bankruptcy of the land of the bankrupt, under order of the bankruptcy court, such sale for taxes not being under an excessive levy, and the property is bought in by the county, the title of the county is superior to that of the purchaser at the sale by the trustee in bankruptcy.

3. The deeds under which petitioner claims title to the land in dispute are not void for lack of sufficient description of the lands therein conveyed.

4. The trespass complained of by petitioner is a continuing one, and equity will intervene to enjoin the same, although the trespassers are not insolvent.

5. Applying the principles above ruled, the trial judge erred in not granting an interlocutory injunction as prayed.

No. 6624.　August 15, 1928.

Petition for injunction. Before Judge Graham. Treutlen superior court. March 10, 1928.

Mrs. Senath P. Durden filed her petition to enjoin C. P. and H. L. Phillips from trespassing upon land to which she claims title. Both parties claim under a deed from Wilder Phillips to E. H. Phillips, dated July 7, 1885, whereby the grantor conveyed to the grantee, in trust for the sole and separate use of the grantee for his life, and at his death to such child or children as he might leave in life, a described tract of land, containing 350 acres, more or less. Petitioner claims under the following muniments of title: (1) A sheriff's deed under a tax sale, to Treutlen County, dated March 6, 1923, with fi. fa. attached, issued by the tax-collector for State and county taxes of E. H. Phillips for the year 1922, with a levy on 100 acres of the 350-acre tract conveyed by the above trust deed from Wilder Phillips to E. H. Phillips, said sheriff's deed being recorded on June 22, 1923, and embracing that tract or parcel of land situate, lying, and being in the 1764th district, G. M. of Treutlen County, Georgia, bounded north and south by lands of E. H. Phillips, east by lands of Carlton Phillips, and west by lands of C. P. Phillips. (2) A sheriff's deed to said county, dated May 6, 1925, properly recorded, and made under the levy of a tax fi. fa. and sale after due advertisement, conveying that certain tract or parcel of land situate, lying, and being in the 1764th district, G. M., of Treutlen County, bounded south by public road, west by public road, and north and east by other lands of E. H. Phillips, agent, being lands where dwelling now stands, containing 50 acres.

(3) A sheriff's deed to said county, dated May 5, 1926, and properly recorded, conveying that tract of land in the 1764th district, G. M. of Treutlen County, bounded north and east by lands of C. P. Phillips, and south and west by lands of E. H. Phillips agent, containing 50 acres. (4) A deed dated June 11, 1927, from E. H., Renzo and Nita Mae Phillips, Mrs. Chas. H. Gillis, and Mrs. S. M. Tapley to petitioner, for an alleged consideration of $1000 and other considerations, and which conveyed "All the land as described in Exhibit 'A' herewith attached and made a part of this deed, and to which special reference is made and prayed. This land is located in Treutlen County, Georgia, and in the 1764th dist. G. M., and is a part of the E. H. Phillips home place . . obtained from his father, Wilder Phillips, who died about 31 years ago. This is the land where the said E. H. Phillips has resided for the last 45 years and reared his family." Exhibit "A" attached to the above deed contains the following plat:

This deed contains the following recital: "The purpose of this deed is to put the title in each distributive heir to their agreed part of the said land, said parties all getting together and having the said land divided up by a surveyor, who made a plat to each distributive heir, showing their and his and her part of the said land. The said E. H. Phillips joins in said deed so as to put whatever title he has in the said land in each respective heir and party." (5) A deed from Treutlen County to petitioner, dated January 24, 1928, to the land just above described. This deed recites that it is the same land sold by the sheriffs of said county as the property of E. H. Phillips, and purchased by said county, the deeds from the sheriffs to said county being executed in 1923, 1925, and 1926, and recorded in deed books No. 11, page 67, No. 8, page 4, and No. 11, page 47. (6) An order of the ordinary of Treutlen County, passed on January 24, 1928, which recited that the land described in the above deed from the county to petitioner had been levied on and sold by virtue of tax fi. fas., and had been bid in by the county; and authorized a named commissioner to make title to such tract of land, as provided by law, to petitioner. The above conveyances embraced the premises in dispute.

The defendants claim under a deed from Rountree, trustee in bankruptcy for G. E. and E. H. Phillips, dated February 16, 1926, and made to H. L., J. R., and C. P. Phillips, on consideration of $500. This deed conveys the life-estate of E. H. Phillips in the land conveyed by Wilder Phillips to him as trustee under the deed hereinbefore referred to, but describes the tract as containing 250 acres. This deed was recorded February 18, 1926. On the hearing the petitioner objected to the introduction of this deed, upon the grounds that it was not accompanied by any order appointing Rountree as trustee, or any order authorizing him to sell the lands thereby conveyed, and that no title was shown in the trustee in bankruptcy. The court overruled this objection and admitted said deed in evidence. On this ruling the petitioner assigns error. The judge declined to grant an interlocutory injunction, and the petitioner excepted.

*William B. Kent,* for plaintiff. *N. L. Gillis Jr.,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. Did the court below err in admitting in evidence against petitioner the deed from the trustee in bankruptcy of G. E. and E. H.

Phillips, to the defendants, to the land in dispute, over her objection that the same was not accompanied by the order of the bankruptcy court authorizing the trustee to sell this land? A deed purporting on its face to have been made by the guardian of a minor, under authority of a decree of the superior court, is inadmissible in evidence without the production of the decree or a certified copy of it. *McCamy* v. *Higdon,* 50 *Ga.* 629. Where one claims title to land under an administrator's deed, pursuant to a sale made under an order from the ordinary, he must show the order granting the administrator leave to sell the land. *Clements* v. *Henderson,* 4 *Ga.* 148 (48 Am. D. 216) ; *Yahoola River &c. Co.* v. *Irby,* 40 *Ga.* 479 (3) ; *Waller* v. *Hogan,* 114 *Ga.* 383 (40 S. E. 254); *Brown* v. *Madden,* 141 *Ga.* 419 (2) (81 S. E. 196) ; *Hilton &c. Lumber Co.* v. *Alwood,* 141 *Ga.* 653 (3) (81 S. E. 1119) ; *Pendergrass* v. *Hardman,* 157 *Ga.* 579 (121 S. E. 808). The mere recital in a deed that an order to sell was granted is not sufficient. *Waller* v. *Hogan* and *Brown* v. *Madden,* supra. By parity of reasoning, the deed of a trustee in bankruptcy, made under an order of the court of bankruptcy, is inadmissible as a muniment of title, unless it is accompanied by the order. So a deed from assignees in bankruptcy has been held not evidence of title, unless there is introduced enough of the record of the bankruptcy court to show authority for its execution, and that the court had jurisdiction of the person whose property is directed to be conveyed, and of the subject matter. Despard *v.* Pearcy, 65 W. Va. 146 (63 S. E. 871) ; Brown *v.* White, 153 Ky. 452 (136 S. W. 96) ; 7 C. J. 238, § 375, 10. So we are of the opinion that the trial judge erred in admitting this trustee's deed over the objection of petitioner that it was inadmissible without an order of the bankruptcy court authorizing the trustee to make the sale. The question involved upon the hearing of the application for temporary injunction being one of title, and the right to the injunction not depending upon the mala fides of the defendants in entering upon the lands in dispute, such deed was not admissible upon the issue of mala fides vel non, title by prescription being in no way involved.

2. It is insisted by counsel for the defendants that the trial judge did right in refusing an injunction, upon the ground that the petitioner claimed title to the land in dispute under tax sales which were void because the levies of the tax fi. fas. under which

the sales were made were excessive. E. H. Phillips owned a life-estate in a tract of land containing 350 acres, more or less, and held the remainder in trust for such of his children as might be living at the time of his death. A tax fi. fa. issued against him for his taxes for the year 1922, which amounted to $161.83, with interest and costs. This fi. fa. was levied on 100 acres of the above land, which was advertised and sold on March 6, 1923, and was bid in by Treutlen County for the sum of $187.31. On that day the sheriff executed to the county a deed to said tract of 100 acres. A tax fi. fa. issued against said Phillips for $113.61, for State, county, and school taxes for the year 1924, with interest from date, and costs. This tax fi. fa. was levied upon 50 acres of the above tract of 350 acres. The dwelling house was located upon these 50 acres. This tract of 50 acres was advertised and sold on May 5, 1925, when it was bid in by the county for the sum of $138.21. The sheriff on said date executed to the county a deed to this tract of 50 acres. A tax fi. fa. issued against Phillips for his State, county, and school taxes for the year 1925, amounting to $115.81, with interest and costs. This fi. fa. was levied upon 50 acres of the above tract of 350 acres. This tract of 50 acres was advertised and sold under said levy on May 4, 1926, when it was bid in by the county for the sum of $140.59; and the sheriff executed to the county a deed to the same.

On the hearing of the application for injunction, C. P. Phillips, one of the defendants, testified that these tracts of land were worth, when sold for taxes, $25 per acre, that they were susceptible of division, and a less acreage could have been carved out without damage to the remainder. There is in the record no other evidence relating to the value of these tracts of land, except the prices at which they sold at the tax sales. There is no evidence relating to the value of the life-estate of E. H. Phillips in these three tracts of land, except the price his life-estate in the whole tract brought at the trustee's sale. It appears that E. H. Phillips had reached old age. His life-estate in the tract of land from which the tracts sold for his taxes were carved was sold on February 16, 1926, by his trustee in bankruptcy, as containing 250 acres, to H. L., J. R., and C. P. Phillips, for the sum of $500, or at the rate of $2 per acre. The tax executions were issued against E. H. Phillips in personam. Life-tenants, and those who own and enjoy the property, are charge-

able with the tax thereon. Civil Code, § 1018; *Austell* v. *Swann,*
74 *Ga.* 278; *Justice* v. *Parnin,* 130 *Ga.* 869 (61 S. E. 1044); *Wright*
v. *Central &c. Ry. Co.,* 146 *Ga.* 406 (91 S. E. 471). Whether the
levies of these tax executions were excessive or not depends upon
the value of the life-estate of Phillips in the tracts levied on and
sold under the tax executions, although the levies were upon the
entire interest in these lands. The facts appearing in the record,
other than the price of the life-estate in the entire tract, do not
show the value of his life-estate in these tracts, nor do they furnish
the necessary data from which such value can be ascertained. In
these circumstances it can not be held that the tax sales were void
because the levies were excessive. Besides, petitioner does not rely
upon these tax sales alone to establish her title to the premises in
dispute. She relies upon a deed from E. H. Phillips and others to
her to these premises; and as both petitioner and the defendants
claim under a common grantor, the burden rests upon the defend-
ants of showing that they acquired from E. H. Phillips a title su-
perior to that acquired by petitioner from him. The defendants
recognized that this burden rested upon them, and undertook to
carry it by showing that they had acquired title to these premises
from the trustee in bankruptcy of Phillips, and that this title was
superior to the title acquired by petitioner from him. But as they
failed to show any authority for the sale by the trustee, they failed
to show a title superior to that of petitioner.

Moreover, the county acquired title to two of the tracts sold at
tax sales, one of 100 acres, and the other of 50 acres, prior to the
title acquired by the defendants under the trustee's deed. If the
sales of these two tracts are not void because the levies were ex-
cessive, and they do not so appear from the facts appearing in the
present record, then the title of the county to these two tracts is
superior to that of the defendants. The title of the county to the
last tract sold for taxes is junior to the title acquired by the de-
fendants under the trustee's sale; but the county acquired title
under a sale for taxes, the lien of which had accrued prior to the
trustee's sale. "A sale of property under any other process does not
divest the lien of the State for taxes." Civil Code, § 1141; *Planters
Warehouse Co.* v. *Simpson,* 164 *Ga.* 190, 195 (138 S. E. 55). So
the sale of land by the assignee of a bankrupt does not divest the
lien of the State thereon for taxes, although sold by the assignee

free of incumbrance. *Stokes* v. *State,* 46 *Ga.* 412 (12 Am. R. 588). Upon the same principle, a sale by a trustee in bankruptcy of the land of a bankrupt, under order of the bankruptcy court, will not divest the lien of the State and county for taxes, which had accrued on the land prior to such sale. It follows that the county acquired title to this last tract, which is superior to the title acquired thereto by the defendants from the trustee in bankruptcy, it not appearing from the facts in the record that this last sale was void either because the levy was excessive, or for any other reason.

3. It is further urged by counsel for the defendants that the county acquired no title to the land sold at these tax sales, for the reason that the deeds to the county under these tax sales, and the deed from the county to petitioner, are void for want of sufficient description, and did not pass any title to petitioner. The sheriff's deed to the county, under the first of these tax sales, describes the land conveyed as follows: "All that tract or parcel of land situated, lying, and being in the 1764th dist. G. M. of Treutlen County, Ga., bounded north and south by lands of E. H. Phillips, Agt.; east by lands of Carlton Phillips; west by lands of C. P. Phillips; containing 100 acres." The sheriff's deed to the county, under the second of these tax sales, describes the land thereby conveyed as follows: "All that certain tract or parcel of land situated, lying, and being in 1764th dist. G. M. of Treutlen County, Georgia, bounded as follows: south by public road, west by public road, north and east by other lands of E. H. Phillips, Agt., being land where dwelling now stands; containing 50 acres." The sheriff's deed to the county, under the third of said tax sales, describes the land thereby conveyed as follows: "All that tract or parcel of land situate, lying, and being in the 1764th dist. G. M. Treutlen County, Georgia, bounded as follows: north and east by lands of C. P. Phillips; south and west by other lands of E. H. Phillips, Agt.; containing 50 acres." The deed from the county to petitioner describes the land thereby conveyed as follows: "The following described lands situated in the 1764th district, G. M., of Treutlen County, Georgia, containing 115 acres, more or less, and bounded as follows: north by•Mrs. Neta Cadwell, east by C. P. Phillips, south by Renzo Phillips and Mrs. Chas. H. Gillis, and west by lands of Mrs. Chas. H. Gillis. Said property is the same which was sold by M. B. Ware & W. L. Thigpen, sheriff [sheriffs?] of Treutlen County, Georgia, as

the property of E. H. Phillips, and purchased by Treutlen County at sheriff's sale; the deed from the sheriff [sheriffs?] to said county being dated 1923-1925 & 1926, and recorded in Treutlen County in Deed Book [books?] No. 11, page 67, No. 8, page 4, No. 11, page 147." Counsel for the defendants do not in their briefs give any reason why the foregoing deeds are void for lack of sufficient descriptions of the lands therein conveyed; and no facts are alleged which show that they are void for this reason. No facts appear in the record in this case which show that the lands embraced in these deeds can not be located from their descriptions therein given. The contention that these tax deeds are void for lack of sufficient descriptions may be based upon the fact that each of these deeds undertakes to convey a portion of a larger tract containing 350 acres, more or less, and does not fix with sufficient definiteness the boundary between the portion sold and the whole tract, and for this reason is void under the ruling made in *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513), *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691), *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958), and *Edwards* v. *Sands,* 150 *Ga.* 11 (102 S. E. 426). Such contention is not well taken. Evidently the levying officer had subdivided the larger tract, and in each case levied upon a definite number of acres. This being so, the case falls within the rulings made in *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821), *Hayes* v. *Dickson,* 148 *Ga.* 700 (98 S. E. 345); *Calhoun* v. *Ryals,* 159 *Ga.* 35 (124 S. E. 867), and *Porter* v. *Paschal,* 159 *Ga.* 416 (125 S. E. 846). So we are of the opinion that these deeds were not void for lack of sufficient description, under the facts appearing in the record in this case.

4. No point is raised by the defendants in their pleadings, or by their counsel in their briefs, as to the right of petitioner to the injunctive relief sought, upon the ground that she has an ample remedy at law. However, as the trespass complained of by petitioner is a continuing one, she is entitled to such remedy. *Sapp* v. *Odom,* 165 *Ga.* 437 (141 S. E. 201).

5. As the trial judge erred in admitting the deed of the trustee in bankruptcy, and as petitioner has, under the facts appearing in this record, a title superior to that of the defendants, the trial judge erred in not granting the interlocutory injunction prayed.

*Judgment reversed. All the Justices concur.*