CADWELL *v.* PHILLIPS *et al.*

No. 7585. MAY 16, 1930.

*William B. Kent,* for plaintiff.

*A. C. Saffold* and *N. L. Gillis Jr.,* for defendants.

BECK, P. J. Nita Cadwell brought her petition for equitable relief against C. P. Phillips and others, and prayed for injunction to restrain the defendants from continuing to commit certain alleged acts of trespass, etc. Upon the final hearing of the case

before a jury both the plaintiff and the defendants introduced evidence, and the court directed the jury to return a verdict for the defendants. The plaintiff filed a motion for a new trial, which was overruled, and error is assigned upon this judgment.

This case has once before been here for review. The decision in the case is found in *Cadwell* v. *Phillips,* 168 *Ga.* 40 (146 S. E. 637), wherein it was held: "The record in this case is substantially the same as that in the case of *Durden* v. *Phillips,* 166 *Ga.* 689 (144 S. E. 313). The rulings there made are controlling in the instant case." In the *Durden* case it was held: "A sale of property under any other process does not divest the lien of the State for taxes. So a sale of land by the trustee as a bankrupt does not divest the lien of the State thereon for taxes, although sold by such trustee free of incumbrance. Where such tax sale takes place after the sale by the trustee in bankruptcy of the land of the bankrupt, under order of the bankruptcy court, such sale for taxes not being under an excessive levy, and the property is bought in by the county, the title of the county is superior to that of the purchaser at the sale by the trustee in bankruptcy. . . The deeds under which petitioner claims title to the land in dispute are not void for lack of sufficient description of the lands therein conveyed." When the instant case last came on for trial, the trial judge directed a verdict for the defendants, because he was of the opinion, as he stated in writing in connection with the judgment overruling the motion for a new trial, that "the tax sale was void because of want of sufficient description of the land in the levy. There was no evidence of possession under the tax sale at the time of the hearing of the injunction (and there was no evidence at the trial of the case before the jury of any possession under the tax sale), and it is clear that the land could not be found from the description in the levy. So I held the tax deeds void. The Supreme Court, however, held that I was also in error here, holding, 'evidently the levying officer had subdivided the larger tract and in each case levied upon a definite number of acres.' On the hearing of the injunction which the Supreme Court was reviewing, the record was silent as to whether or not the levying officer had before the levy subdivided the land, but on the trial before the jury and now the evidence is undisputed that the land at the time of the levy had not been subdivided by the levying officer or by any other person. It can not

reasonably be contended that any one could take either one of the levies and find any part of the land; and as I understand the Supreme Court in the case on this point, it would have held the levy void if it had not presumed the levying officer had first subdivided the larger tract. I so understood the ruling at the time of the trial before the jury; and now, after carefully considering this decision and other similar cases, I am still of the opinion that under the evidence the tax deeds are void, and therefore pass no title to the plaintiff." The essential error upon which the judgment directing a verdict is based is that "under the evidence the tax deeds are void, and therefore pass no title to the plaintiff." The ruling in the *Durden* case, supra, is to the effect that these deeds are not void. Of course there was no intention on the part of the trial court to disregard the ruling of this court; but the trial judge was of the opinion that the evidence at the last trial showed that the levying officer had not entered upon the land and subdivided the same, and therefore that the deeds passed no title.

We do not think that the deeds should have been held to be void for the reasons stated by the trial judge in his opinion. Nor, after the evidence which we find in the record was heard, could we have held, as a matter of law, that the deeds passed no title; for in the trial of the case the witness E. H. Phillips testified, in part, as follows: "I think I remember when this land was sold for taxes for the year 1924 by W. L. Thigpen, sheriff. The land described in Mrs. Cadwell's deed is the same land described in the sheriff's levy and deed as follows: 'All that tract or parcel of land situate, lying, and being in 1764 Dist. G. M. of Treutlen County, Georgia, bounded as follows: south by public road, west by public road, north and east by lands of E. H. Phillips, Agt., being land where dwellings now stand, containing 50 acres. Levied on as the property of E. H. Phillips, Agt., to satisfy a tax fi. fa. issued by B. B. Courson, Tax-collector, Treutlen County, Georgia, for taxes for the year 1924,' and that is also the same land that I now live on.' The land levied on for taxes for the year 1922 and described as follows: 'All that tract or parcel of land situate, lying, and being in 1764th Dist. G. M. of Treutlen County, Georgia, bounded north and south by lands of E. H. Phillips, Agt., east by lands of Carlton Phillips, west by lands of C. P. Phillips, containing 100 acres,' the land that Mrs. Cadwell is claiming and that I now

live on is a part of that land. Also a part of the land that Mrs. Cadwell is claiming is a part of the land described in a levy for taxes for the year 1925 on the following described land: 'That tract or parcel of land situate, lying, and being in 1764th Dist. G. M. of Treutlen County, Georgia, bounded as follows: north and east by lands of C. P. Phillips, south and west by other lands of E. H. Phillips, Agt., containing 50 acres.'" And in another part of his testimony the same witness said: "All of the levies read to me by counsel cover most of the land claimed as Mrs. Cadwell's part. I do not recall about the time the sheriff made the levies; they would come and levy on it just like they do on the rest of them. I knew it was levied on, what part of the land was levied on, by the way they described it in the paper; that is the only way I know. I have been living on this land many years. I do not know that I could, but I think I could go out there and pick out the land described in the deed dated May 4, 1926, signed by W. L. Thigpen, sheriff of Treutlen County, describing as being that tract or parcel of land situate, lying, and being in the 1764th Dist. G. M. Treutlen County, Georgia, bounded as follows: north and west by C. P. Phillips, south and west by other lands of E. H. Phillips, Agt., containing fifty acres. I reckon I could walk around the lines and pick it out; on the north it would be a little short distance, I don't know how many feet. I could go and put up the corners and find this land, put down stakes for the corners. I know exactly where the land is; it is bounded by C. P. Phillips on two sides. I could put the corners down, I could not say point blank for fifty acres. I could not pick out the fifty acres levied on and described in that deed without it was run out, and I could not pick out these other two tracts without it being run out. I would have to have the land run out to know exactly how many acres there was. I could guess at it. I could take the description read to me awhile ago, and by those papers go and find this land that the sheriff sold."

There is other testimony tending to show the land described in the levy could be identified. While some of the evidence is very indefinite, that which we have quoted, together with other evidence on the same subject, was sufficient to make it a question for the jury as to whether or not the land was sufficiently described in the levy and the sheriff's deed to make it capable of identification, in view of the parol evidence upon the subject. Nor is this possibility

of identification of the land and the location of its boundaries destroyed by the testimony of the two levying officers, who testified in this case. M. B. Ware, a witness for the defendants, testified as follows: "During the year 1923 I was sheriff of Treutlen County, and as such I levied on and sold some land of Mr. E. H. Phillips. These are my signatures exhibited to me. I did not go out on this land and make a survey of it. We generally always went to the clerk's record and got up a notice of the levy, always took it from the clerk's record on the tract of land that we would levy on. I could not go out there and point out the four corners of this tract of land. There was no plat of it made when I made the levy. I have been to this place and know where the public road runs through it. We just cut off a piece of land up this way. I knew he had land on the public road, but I could not go and point out that land. We got the information from the clerk's office; we cut it off. I mean by that, I just in my mind wrote out a levy. I did not go to the land and cut off any of it and mark it out. I guess the date of the levy is correct. This deed was made February 6th, 1923, and was recorded in 1928, so I must not have got the description of the land from the record of this deed. I suppose that is the only land Mr. E. H. Phillips has out there. I do not think I am mistaken about getting this description from the record, but I do not know from what record I got it. I just said that was the way we got it, from the record." And W. L. Thigpen, introduced by the defendants, testified as follows: "In 1924 and 1925 I was sheriff of Treutlen County. These signatures exhibited to me are my signatures. This land described as follows: 'That tract or parcel of land situate, lying, and being in 1764th Dist. G. M. of Treutlen County, Georgia, bounded as follows: north and east by lands of C. P. Phillips, south and west by other lands of E. H. Phillips, Agt., containing fifty acres,' contained in a sheriff's deed made by me, I did not go out on this land and make a survey of it when I made this levy. I think I could take this deed and go point out the four corners of that land and find the identical land. I could not give you the four corners, pick out the fifty acres by that description, and tell you how many yards on the east and how many yards on the north. The usual form of making a levy like that, we just go to the records here and block it out in my own way, and levy and send the tenant in possession a notice; we

do not go on the land and survey it. The same is true of this deed also. I had no plat to go by when I made that levy. I did not make any plat of it at all." And the same witness on cross-examination testified: "I know pretty well where this land is, know where Mr. Phillips lives, and know pretty well where the lines run. We got this description from the record in the clerk's office. This levy is dated correctly, April 1st, 1925, and the other one April 6th, 1926 is also correct. I don't know that I could go and point out there lines from these levies and give the exact yards, etc. I made a deed as sheriff to this land. I would not say that I could go and point that land out."

In view of the evidence quoted, and other evidence in the case, we are of the opinion that the case should have been submitted to the jury under the court's instructions upon the issues involved; and consequently a new trial is granted.

*Judgment reversed. All the Justices concur.*