PRUDENTIAL INSURANCE COMPANY v. HILL, administratrix.

HINES, J. 1. Where an intestate died seized and possessed of a tract of land which his administrator, for the purpose of sale, had surveyed and subdivided into five separate tracts designated in the subdivision by numbers from 1 to 5, and where tract No. 1 was sold and conveyed by the administrator to A. J. Orr, and where tract No. 2 was sold and conveyed by the administrator to Fanning and Granade, said purchasers taking possession of and cultivating their respective tracts of land up to the dividing line between them, and where Fanning and Granade afterwards sold and conveyed their tract to Orr, and where Orr thereafter conveyed the lot purchased by him from the administrator to Garnett Green to secure debt, describing the same as "one tract of land said to contain 144 acres, more or less, and bounded on the north by Gabe Colley, on the east by A. J. Orr, south by Joe Granade, and west by A. J. Orr, . . located in the 171st district G. M. of Wilkes County, Georgia," and where there was aliunde evidence introduced showing that the dividing line between said two tracts was located and designated when the subdivision of said larger tract was made, was in existence when said parties bought their respective tracts of land, was still in existence, and that the premises in dispute were the land embraced in the deed from Orr to Green, the latter deed was not void for indefiniteness and uncertainty in the description of the land thereby conveyed because the grantor in said deed was designated as the adjoining owner on the east and west of said tract. *Glover* v. *Newsome*, 142 *Ga.* 862 (83 S. E. 939); *Marshall* v. *Carter*, 143 *Ga.* 526 (85 S. E. 691); *Hayes* v. *Dickson*, 148 *Ga.* 700 (98 S. E. 345); *Calhoun* v. *Ryals*, 159 *Ga.* 35 (124 S. E. 867); *Durden* v. *Phillips*, 166 *Ga.* 689, 697 (144 S. E. 313). So the court did not err in admitting the security deed from Orr to Green in evidence over the objection that it was void for insufficient description of the premises conveyed.

2. A deed to land is sufficient to pass title if the descriptive averments afford a key by which the land can be definitely located by the aid of extrinsic evidence. *Swint* v. *Swint*, 147 *Ga.* 467 (94 S. E. 571); *Crider* v. *Woodward*, 162 *Ga.* 743 (135 S. E. 95). It was competent by extrinsic evidence to identify the premises in dispute as the land embraced in the security deed from Orr to Green. *Hayes* v. *Dickson*, supra. A description of land is not to be held indefinite if the court can, with the aid of extrinsic evidence, which does not add to, enlarge, or in any way change the description, fit it to the property conveyed by the deed. *Callaway* v. *Beauchamp*, 147 *Ga.* 17 (92 S. E. 538); *Blackwell* v. *Partridge*, 156 *Ga.* 119, 129 (118 S. E. 739); *Shiver* v. *Young*, 38 *Ga. App.* 409 (144 S. E. 129).

3. The security deed from Orr to Green contains data by which the land thereby conveyed can be definitely located. It is "one tract of land said to contain 144 acres, more or less, and bounded on the north by Gabe Colley, east by A. J. Orr, south by Joe Granade, and west by A. J. Orr." Orr bought lot No. 1 in the subdivision of the lands of Griffin Mathis. His deed from the administrator of Mathis describes the land conveyed "as being lot No. 1 in the division of Griffin Mathis."

On the same day that Orr bought lot No. 1, Fanning and Granade bought lot No. 2 of the Mathis subdivision. Fanning and Granade sold this tract to Orr on February 26, 1896. Their deed describes this tract as "lot 2 in the G. Mathis Estate," and calls for Orr as the boundary on the east. Lot No. 1 lies east of lot No. 2. The oral testimony shows that these two lots were distinct tracts, and the boundary between them was distinctly located when the Mathis land was subdivided. The claim affidavit describes the premises "as that certain tract described as one tract of land, said to contain 144 acres, more or less," and with the same calls for boundaries as those in the deed from Orr to Green. Lot No. 2 lies west of lot No. 1, and is the western boundary of the premises in dispute. The oral evidence shows that these two tracts were laid out when the Mathis land was subdivided. The deed under which Orr acquired lot No. 1 gives the eastern boundary of the premises in dispute as lands of Orr, thus showing that when Orr acquired these premises he owned lands to the east of them.

4. Under the rulings made in headnotes one and two and the evidence, and the facts set forth in headnote three, a verdict finding against the claimant was demanded; and this renders it unnecessary to deal with assignments of error not hereinbefore specifically dealt with.

5. There is nothing to the contrary in *Marshall* v. *Carter*, 143 *Ga.* 526 (85 S. E. 691). In that case the sheriff's deed purported to convey a portion of a large tract of land owned by the defendant in fi. fa., wherein the description was of calls for the abutters, one of whom was said defendant, and wherein the land was estimated as containing a given number of acres, "more or less."

6. Applying the above rulings, the trial judge did not err in refusing to grant a new trial. *Judgment affirmed. All the Justices concur.*

No. 7503. MAY 16, 1930. REHEARING DENIED JUNE 13, 1930.

*B. W. Fortson,* for plaintiff in error.
*Callaway & Howard,* contra.