## WARDLAW v. WARDLAW et al.

No. 10837. MARCH 20, 1936. REHEARING DENIED MARCH 31, 1936.

*Shackelford & Davis* and *H. A. Stephens Jr.*, for plaintiff in error.

*George W. Westmoreland*, contra.

ATKINSON, Justice. L. C. Wardlaw owned 257-1/2 acres of land on which he and his wife resided, she having invested $550 of her individual money in making improvements on the land. L. C. Wardlaw owed his brother, R. F. Wardlaw, a large sum of money. A parol agreement was made to discharge the entire debt by conveyance of 207-1/2 acres of the land, the conveyance to be accomplished by deed from L. C. Wardlaw conveying the entire tract to R. F. Wardlaw, and the latter in turn conveying to Mrs. L. C. Wardlaw 50 acres on which the residence was located. In pursuance of this agreement L. C. Wardlaw executed a deed conveying the entire tract, and at the same time the following paper was executed:

"Georgia, Jackson County. For value received I hereby agree to cut off and have surveyed from the tract of land this day deeded by L. C. Wardlaw to me fifty acres of land to include the home place where L. C. Wardlaw now resides, lines to be agreed upon and said tract to contain fifty acres, said deed to be made to Mrs. L. C. Wardlaw as soon as survey and plat can be made, deed to be made to Mrs. L. C. Wardlaw for and during her natural life and at her death to be the property of her children by L. C. Wardlaw. This July 19th, 1930.                    R. F. Wardlaw (L. S.)

"Witness: E. C. Stark, N. P. Ga. at Large."

A few days later L. C. and R. F. Wardlaw "stepped off where the front corners were to be, and then the back line was to be far enough back to contain the fifty acres agreed upon." L. C. Wardlaw and his wife continued to live at the home place, but R. F. Wardlaw failed to survey the lines and execute to Mrs. Wardlaw the deed provided for in the foregoing writing, though he has offered to do so if Mrs. Wardlaw would pay $500 of subsequent debts to him incurred by L. C. Wardlaw. In January, 1934, R. F. Wardlaw instituted a dispossessory proceeding against L. C. Wardlaw; whereupon L. C. Wardlaw and his wife instituted an action against R. F. Wardlaw and the officer holding the dispossessory warrant. The petition alleged substantially the facts stated above, and contained prayers: "1. That defendants be enjoined from executing the

dispossessory warrant now in the bailiff's possession, against either of the plaintiffs. 2. That defendant R. F. Wardlaw be required to execute title to plaintiff Mrs. L. C. Wardlaw to the fifty acres of land, as provided in contract in paragraph five of this petition."

■ The petition was subject to the third special ground of demurrer, asserting that the writing declared upon fails to describe and identify the land sufficiently to support a decree for specific performance. The writing made reference to exactly "fifty acres of land to include the home place where L. C. Wardlaw now resides," and imposed upon R. F. Wardlaw the duty "to cut off and have surveyed" the 50-acre tract from the larger tract. However, the lines and form of the tract were not only left open, but were the subject of future agreement between the parties according to the terms of the writing. Therefore it is impossible to determine from the writing the exact 50 acres which the parties intended should be conveyed. Nor is the petition sufficient to identify any land subsequently agreed upon. Consequently the case comes within the principle stated in *Clayton* v. *Newberry,* 138 *Ga.* 735 (76 S. E. 63), that "Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject-matter of the alleged sale is clearly identified in the contract." See also *Nettles* v. *Charles P. Glover Realty Co.,* 141 *Ga.* 126 (80 S. E. 630). The language of the writing differs from the descriptive words dealt with in the following cases, in which it was held that the description furnished a key by which the description could be applied by extrinsic evidence: *Clower* v. *Godwin,* 140 *Ga.* 128 (78 S. E. 714) ; *Mosher* v. *Rogers,* 141 *Ga.* 557 (81 S. E. 852) ; *Lyle* v. *Phillips,* 141 *Ga.* 618 (81 S. E. 867) ; *Clark* v. *Cagle,* 141 *Ga.* 703 (2) (82 S. E. 21) ; *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530) ; *Boney* v. *Cheshire,* 147 *Ga.* 30 (3) (92 S. E. 636) ; *Price* v. *Gross,* 148 *Ga.* 137 (2) (96 S. E. 4) ; *Hayes* v. *Dickson,* 148 *Ga.* 700 (98 S. E. 345) ; *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490) ; *Calhoun* v. *Ryals,* 159 *Ga.* 35 (124 S. E. 867) ; *Porter* v. *Paschal,* 159 *Ga.* 416 (125 S. E. 846) ; *Crider* v. *Woodward,* 162 *Ga.* 743 (2) (135 S. E. 95) ; *Durden* v. *Phillips,* 166 *Ga.* 689 (3) (144 S. E. 313) ; *Prudential Insurance Co.* v. *Hill,* 170 *Ga.* 600 (153 S. E. 516) ; *Gaston* v. *Gainesville &c. Ry. Co.,* 120 *Ga.* 516 (48 S. E. 188) ; *A. & W. P. R. Co.* v. *A., B. & A. R. Co.,* 125 *Ga.* 529 (54 S. E. 736).

■ In so far as the petition sought to restrain the dispossessory

212

warrant, the defendant in that proceeding had an adequate remedy at law by filing an affidavit as provided by statute; and consequently that part of the petition was subject to demurrer.

The foregoing rulings dispose of the controlling questions in the case. The error in overruling the demurrer rendered all further proceedings nugatory.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent.*